Mr. Scott L. Knox Brevard County Attorney 2725 Judge Fran Jamieson Way Viera, Florida 32940
Dear Mr. Knox:
On behalf of the Brevard County Board of County Commissioners, you ask substantially the following question:
May the Brevard County Commission initiate independent financial and performance audits of county officers, such as the Property Appraiser, the Tax Collector, the Clerk of the Circuit Court, the Supervisor of Elections, and the Sheriff?
In sum:
The Brevard County Commission may not initiate independent financial and performance audits of county constitutional officers, absent abolishment of the offices of the county constitutional officers and a transfer of the functions of such officers to another office created by the charter and made subject to audit procedures of the county commission.
Brevard County operates under a charter which provides:
"The offices of Sheriff, Property Appraiser, Tax Collector, Clerk of the Circuit Court, and Supervisor of Elections are expressly preserved as departments of the County Government under this Charter. All of the powers, duties and functions now or hereafter prescribed by the Constitution and general laws of Florida applicable to such officers in noncharter counties are preserved, except as provided by this Charter."[1]
Under the charter, the county commission is given the authority to "[i]n addition to its internal audits and such State audits as may be required by law, cause an annual independent post-audit by a certified public accountant of any and all government operations of County Government."[2]
The county commission's authority to audit the Sheriff, Property Appraiser, Tax Collector, Clerk of the Circuit Court, and Supervisor of Elections under the county's charter has been questioned, however, in light of the manner in which the offices are preserved as county departments under the charter.
Article VIII, section 1(c), Florida Constitution, provides:
"Pursuant to general or special law, a county government may be established by charter which shall be adopted, amended or repealed only upon vote of the electors of the county in a special election called for that purpose."
Charter counties possess "all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors."[3] The governing body of a charter county "may enact county ordinances not inconsistent with general law, or with special law approved by vote of the electors."[4] Thus charter counties have home-rule powers to act in a manner that is not inconsistent with state law.[5]
Section 1(d), Article VIII, Florida Constitution, states:
"There shall be elected by the electors for each county, for terms of four years, a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court; except, whenprovided by county charter or special law approved by vote of the electors of the county, any county officer may be chosen in another manner therein specified, or any county office may be abolished when all the duties ofthe office prescribed by general law are transferred to another office. When not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds." (e.s.)
Thus, a county charter may provide for the abolishment of a county constitutional office when all of the duties of the office prescribed by general law are transferred to another office.[6] By way of example, Volusia County operates under a charter that creates departments such as a Department of Finance, which is responsible for the administration of all financial affairs of the charter government. The Volusia County Charter specifically abolishes the office of tax collector and transfers "all functions and duties of that office now prescribed by the Constitution and the laws of Florida" to the charter-created Department of Finance.[7] The other constitutional county offices were likewise abolished, with all of the attendant duties and functions of such offices transferred to specified departments created by the charter.[8] Under the Volusia County Charter, all county operations operate under a unified budget system, with all officers compensated by salary and no officer receiving compensation by fees.[9] Further, the county council is given the authority, "[i]n addition to the state audit provided by law, [to] cause an annual independent post-audit by a certified public accountant of any and all government operations of the charter government."[10]
As recognized by this office, however, such abolishment and transfer of the officer's duties to a charter-created office does not relieve the newly created office from the requirements of general laws relative to the former constitutional officer.[11]
In the event the constitutional county offices have not been abolished and all of the attendant duties and responsibilities transferred to another charter-created office, the Sheriff, Property Appraiser, Tax Collector, Clerk of the Circuit Court, and Supervisor of Elections would retain their status as constitutional county officers.[12]
This office has previously determined that the clerk of the circuit court, operating as ex officio county auditor, is not authorized to perform post-audit functions on the records of other constitutional county officers. In Attorney General Opinion 86-38, this office was asked whether the clerk of the circuit court for Pinellas County could perform audit functions on behalf of the board of county commissioners in auditing the records of constitutional officers. The county commission had relied upon section 125.01(1)(s), Florida Statutes, which authorizes the county commission to make investigations of county affairs and to "inquire into accounts, records, and transactions of any county department, office, or officer[.]" The Pinellas County Charter, however, had not altered the powers and duties of the county constitutional officers. In discussing the powers and duties of the clerk of the circuit court to perform audit functions, no statutory or constitutional provisions were found expressly directing or authorizing the clerk to perform post-audits on the records of other constitutional officers. Similarly, no constitutional or statutory provisions have been cited that would authorize a county commission to perform post-audit functions on county constitutional officers.
As noted above, the Brevard County Charter preserves the offices of Sheriff, Property Appraiser, Tax Collector, Clerk of the Circuit Court, and Supervisor of Elections as county departments. Moreover, the summary on the official ballot for the proposed Brevard County Charter posed whether there should be a charter "preserving elected county officers."[13] I cannot say that such a provision in the charter indicates a clear abolishment of the county constitutional offices, nor does the ballot language appear to have put the voters on notice that such was the intent of the proposed charter. Accordingly, until a court of competent jurisdiction declares otherwise, it is my opinion that the Brevard County Commission does not have the authority to perform post-audit functions on the offices of the Sheriff, Property Appraiser, Tax Collector, Clerk of the Circuit Court, and Supervisor of Elections in Brevard County.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 4.1., Brevard County Charter. See also, ss. 4.2. (departments of County Government headed by elected officers enumerated in this section not subject to supervision by the County Manager); 4.2.5. (office of tax collector directed by the tax collector responsible for carrying out all function, duties, and requirements prescribed by the Florida Constitution and by law); 4.5.2. (elected county officer is appointing and discharging authority for all employees and senior assistants of the department headed by the officer); 4.6.1. (power or function existing in any county office pursuant to the constitution or by law and placed under the county officer may not be transferred or removed, except by charter amendment); and 7.2.3. (initial county officers; person holding office as clerk of circuit court, sheriff, property appraiser, tax collector and supervisor of elections of Brevard County constitute the county officers of like name recognized under the charter and shall perform the functions thereof until expiration of their respective terms).
[2] Section 2.9.4., Brevard County Charter.
[3] Article VIII, s. 1(g), Fla. Const. 
[4] Id.
[5] See, Ops. Att'y Gen. Fla. 90-01 (1990), 86-62 (1986), 81-07 (1981), and 79-109 (1979), which discuss the authority of charter counties to enact ordinances not inconsistent with general law.
[6] Cf., Dade County v. Kelly, 99 So.2d 856 (1957), in which the Court considered the Dade County Home Rule Amendment to the Florida Constitution (s. 11, Art. VIII, Fla. Const. (1885), as amended) and determined that under said amendment, abolition of a county office is a condition precedent to transfer of the office's functions and that charter provisions that purportedly allowed piecemeal transfers of duties or powers while the office was still in existence exceeded the authority granted by the amendment and were void. The language in s. 1(d), Art.VIII, Fla. Const., which expanded the ability to abolish county constitutional officers to all charter counties is more succinct than that contained in the Dade County Home Rule Amendment, but nonetheless, appears to require the same precedent of abolishing the office and transferring its duties to a charter created office that by the terms of the charter may be subject to the county commission's administration.
[7] Section 601.1., Art. VI, Volusia County's Home Rule Charter, Ch. 70-977, Laws of Fla. (1970).
[8] See, Volusia County's Home Rule Charter, Art. VI, ss. 601.1.(1)(b) (abolishing office of clerk of the circuit court and transferring office's duties and functions to newly created department of finance); (2) (abolishing office of sheriff and transferring its duties and functions to department of public safety); (3) (abolishing office of property appraiser and transferring its duties and functions to department of property appraisal); and (4) (abolishing office of supervisor of elections and transferring all of its duties and functions to the department of elections).
[9] Section 1102., Art. XI, Volusia County's Home Rule Charter.
[10] Section 307(5), Art. III, Volusia County's Home Rule Charter.
[11] See, Op. Att'y Gen. 73-356 (1973). This office recognizes that the Auditor General's authority under s. 11.45, Fla. Stat., or the audit requirements in s. 218.32, Fla. Stat., for local governmental entities could not be circumscribed by charter provisions.
[12] See, Dade County v. Kelly, supra.
[13] See, Official Ballot, General Election, Brevard County, Florida, November 8, 1994, Proposed Brevard County Charter,
"Shall there be a Brevard County Home-Rule Charter establishing a county government with certain limitations on debt and taxes; authorizing the proposal and adoption of ordinances by voter initiative; preserving elected county officers; providing for exercise of legislative powers by a Board of five commissioners from single-member districts; making commissioners and elected county officers nonpartisan and subject to recall; and providing for an appointed professional manager?"